UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

TYLER WITT,

        Plaintiff,

v.

RODRIGO F. SEMINARIO, individually,
SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida, and
SPIRIT AIRLINES, INC., a foreign
corporation,

        Defendants.
_____/

## COMPLAINT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against RODRIGO F. SEMINARIO, individually, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and SPIRIT AIRLINES, INC., a foreign corporation.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the

Florida Statutes.

## PARTIES

4. Plaintiff TYLER WITT is a resident of the state of Texas.

5. At all times referred to herein, Defendant RODRIGO F. SEMINARIO [hereinafter Defendant SEMINARIO] was acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees, and servants, including Defendant SEMINARIO, Leonard Charla, Roberto Colon, and others.

7. Defendant SPIRIT AIRLINES, INC., (hereinafter "SPIRIT AIRLINES") is a foreign corporation within the meaning of 28 U.S.C. § 1332( c), insofar as it is incorporated in the state of Delaware. The principal place of business for Defendant SPIRIT AIRLINES is located at 2800 Executive Way, Miramar, Florida, in the Southern District of Florida, and Defendant SPIRIT AIRLINES is actively engaged in business in the Southern District of Florida, including Fort Lauderdale-Hollywood International Airport. In this action, Defendant SPIRIT AIRLINES acted through its agents, employees, and servants, including Kurt Williams, and others.

8. Plaintiff sues Defendant SEMINARIO in his individual capacity.

## FACTS

9. On October 26, 2017, Plaintiff traveled to Fort Lauderdale-Hollywood International

Airport, located in Fort Lauderdale-Hollywood, Florida, with plans to return to his residence in the state of Texas.

10. At all times material hereto, Plaintiff was booked on a flight with Defendant, SPIRIT AIRLINES.

11. Plaintiff returned his rental car and traveled to terminal 4, whereupon Plaintiff passed through the TSA checkpoint and proceeded towards the departure gates.

12. Plaintiff arrived at the gate for his flight approximately two hours prior to the scheduled departure.

13. With extra time, Plaintiff proceeded to one of the restaurants located within the terminal 4 and began working on his computer.

14. Plaintiff ordered a glass of Chardonnay wine and had no communication with any person other than his server. Plaintiff continued to use his computer and subsequently ordered chicken wings with celery sticks and carrots, along with a second glass of Chardonnay wine.

15. Plaintiff finished his meal shortly before Defendant, SPIRIT AIRLINES, announced that Plaintiff's flight was preparing for boarding.

16. Plaintiff's receipt for food and beverage was time-stamped at 5:20 pm, and totaled $26.56.

17. Plaintiff then proceeded to his gate for boarding.

18. Plaintiff is a gay man, and more effeminate and flamboyant than some other gay men; however, at no time was Plaintiff drunk or intoxicated from the two glasses of Chardonnay wine consumed with his meal as he proceed to the gate for his flight, and Plaintiff's comportment as a gay man could never be confused by any reasonable individual the conduct of a person who is drunk or intoxicated.

19. As Plaintiff was walking towards the gate for boarding he was approached by Kurt Williams (hereinafter "Williams"), an employee of Defendant, SPIRIT AIRLINES.

20. Without introduction or identifying himself as an airline employee, Williams projected into Plaintiff's ear from close distance, "You are not flying anywhere today!"

21. Plaintiff looked to his left, observed Williams, and stated: "Excuse me?," when almost simultaneously Williams grabbed Plaintiff by his left biceps, without Plaintiff's permission or consent.

22. Plaintiff responded by saying sternly, "Get your hand off me!"

23. Plaintiff was subsequently escorted back out from the gate area past the TSA checkpoint, just south of the escalator leading down to the baggage claim for terminal 4.

24. On surveillance videotape (with no audio), Plaintiff is seen surrounded by deputy sheriffs for Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, as well as Williams.

25. A discussion concerning the deputies, Plaintiff, and Williams, follows.

26. Based on information and belief, Williams is directed to walk away, and in fact, walks away. Plaintiff is observed speaking in the direction of Williams as Plaintiff remains standing with the deputies.

27. Williams then appears to start to return towards the area where Plaintiff is standing with the deputies.

28. Notwithstanding the fact that Plaintiff remained with the deputies after Williams walked away, and in retaliation for Plaintiff's speech directed at Williams, Defendant SEMINARIO is observed on videotape violently swinging his arm across Plaintiff's neck, whereupon Plaintiff is immediately upended such that his feet fly up in the air as head and body are slammed onto the

ground.

29. Upon impacting the ground, Plaintiff lay motionless, and unconscious. A subsequent booking photograph shows a substantial welt towards the side of Plaintiff's forehead, where Plaintiff's head impacted the ground.

30. Plaintiff was thereafter placed under arrest by Defendant SEMINARIO for the misdemeanor offense of disorderly intoxication, in the absence of probable cause.

31. At all times material hereto, Plaintiff was not drunk, and was never offered a breath test.

32. Based on information and belief, 170-pound male would require up to four glasses of wine in one hour and be at or above .08 BAC (one drink of wine being defined as one 5-ounce pour with a 12 percent alcohol by volume (ABV).

33. Plaintiff was then transported to the Broward County jail for incarceration.

34. Following his release from confinement, Plaintiff obtained a CT scan, which showed injury to Plaintiff's C4 and C5 vertebrates.

35. After Plaintiff's arrest, Defendant SEMINARIO prepared a sworn complaint/arrest affidavit for submission to prosecuting authorities, containing false statements and material omissions.

36. At all times material hereto, Defendant SEMINARIO knew that his complaint/arrest affidavit would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against Plaintiff.

37. At all times material hereto, the complaint/arrest affidavit submitted by Defendant SEMINARIO to prosecuting authorities contained false statements, insofar as the complaint/arrest affidavit falsely alleged that Plaintiff had slurred speech, when in fact, Plaintiff was speaking in his

normal voice.

38. At all times material hereto, the complaint/arrest affidavit submitted by Defendant SEMINARIO to prosecuting authorities contained false statements, insofar as the complaint/arrest affidavit falsely alleged that Plaintiff's conduct caused a large crowd, when in fact, surveillance videotape shows no crowd in the concourse area where Plaintiff was arrested.

39. At all times material hereto, the complaint/arrest affidavit submitted by Defendant SEMINARIO to prosecuting authorities contained false statements, insofar as the complaint/arrest affidavit falsely alleged that Plaintiff "was taken down to the ground" after Plaintiff approached Defendant SEMINARIO "with his hands flaring in an obvious attempt to continue his belligerent behavior and disrupt all passenger and airline activity," thereby placing Defendant SEMINARIO "in fear for my safety and the of the passengers," when in fact, as seen on surveillance videotape, Plaintiff was arrested in retaliation for his free speech after Williams walked away, but lost self-control and turned back to confront Plaintiff.

40. At all times material hereto, the complaint/arrest affidavit submitted by Defendant SEMINARIO to prosecuting authorities contained false statements, insofar as the complaint/arrest affidavit falsely alleged that Plaintiff "had no complaint of injury," when in fact, as Defendant SEMINARIO knew, Plaintiff lost consciousness as a result of Defendant SEMINARIO's use of excessive force, and sustained a clearly visible welt on the side of the forehead where Plaintiff's head impacted the ground; as such, Plaintiff's physical injury and need for medical care were obvious, but ignored by Defendant SEMINARIO and dismissed in his police report in an effort to cover up Defendant SEMINARIO's unlawful and unconstitutional conduct towards Plaintiff.

41. During Plaintiff's criminal prosecution, Plaintiff was successful in obtaining some (but not all) of the surveillance videotape from the Fort Lauderdale-Hollywood International Airport.

The surveillance videotape was subsequently reviewed by prosecuting authorities and on June 20, 2016, all criminal charges against were nolle prosequied, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant SEMINARIO.

42. At all times material hereto, the conduct of Defendant SEMINARIO occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### EXCESSIVE USE OF FORCE BY DEFENDANT SEMINARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SEMINARIO, individually, in Count I, Plaintiff states:

43. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 42.

44. The use of force by Defendant SEMINARIO towards Plaintiff resulted in serious bodily injury, was objectively unreasonable and unnecessary under the circumstances, and constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

45. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

46. As a further direct and proximate result of the conduct of Defendant SEMINARIO, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for punitive damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FIRST AMENDMENT RETALIATION CLAIM AGAINST
## DEFENDANT SEMINARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SEMINARIO, individually, in Count II, Plaintiff states:

47. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 42.

48. The arrest of Plaintiff by Defendant SEMINARIO was in retaliation for Plaintiff's protected speech and conduct under the First Amendment, and would likely to deter a person of ordinary firmness from the exercise of First Amendment rights.

49. Even if Plaintiff's arrest was lawful (which it was not), Plaintiff's exercise of his First Amendment rights played a substantial part in Defendant SEMINARIO's decision to arrest Plaintiff; but for Plaintiff's exercise of his rights under the First Amendment, Plaintiff would not have been arrested.

50. The unlawful use of force by Defendant SEMINARIO towards Plaintiff was in retaliation for Plaintiff's protected speech under the First Amendment, and would likely to deter a person of ordinary firmness from the exercise of First Amendment rights.

51. Even if the use of force by Defendant SEMINARIO towards Plaintiff was lawful

(which it was not), Plaintiff's exercise of his First Amendment rights played a substantial part in Defendant SEMINARIO's decision to subject Plaintiff to sufficient force to cause serious bodily injury (i.e., loss of consciousness); but for Plaintiff's exercise of his rights under the First Amendment, Plaintiff would not have been arrested.

52. The conduct of Defendant SEMINARIO towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

53. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

54. As a further direct and proximate result of the conduct of Defendant SEMINARIO, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for punitive damages;

    iii. Cost of suit;

    iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT, SCOTT J. ISRAEL, AS SHERIFF OF BROWARD COUNTY, FLORIDA

For his cause of action against Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, in Count III, Plaintiff states:

55. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 42.

56. Defendant SEMINARIO proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any felony offense, or misdemeanor offense in the presence of a law enforcement officer, and under circumstances where the arrest of Plaintiff was made not made immediately, or in fresh pursuit.

57. The conduct of Defendant SEMINARIO, as set forth herein, was taken in the absence of lawful authority and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

58. The false arrest/false imprisonment of Plaintiff was committed by Defendant SEMINARIO in the course and scope of his employment as a deputy sheriff for Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

59. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

60. As a further direct and proximate result of the conduct of Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of

Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Cost of suit;

    iii.     Trial by jury as to all issues so triable; and

    iv.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT SEMINARIO, INDIVIDUALLY

For his cause of action against Defendant SEMINARIO, individually, in Count IV Plaintiff states:

61. Plaintiff realleges and adopts, as if fully set forth in Count IV the allegations of paragraphs 1 through 42.

62. Defendant SEMINARIO proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any felony offense, or misdemeanor offense in the presence of a law enforcement officer, and under circumstances where the arrest of Plaintiff was made not made immediately, or in fresh pursuit.

63. The conduct of Defendant SEMINARIO, as set forth herein, was taken in the absence of lawful authority and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

64. Alternatively to the allegations set forth in Count III, if the false arrest/false imprisonment of Plaintiff by Defendant SEMINARIO occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant SEMINARIO in his individual capacity.

65. As a direct and proximate result of the acts described above, Plaintiff has suffered

grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

66. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

   i.   Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii.  Judgment for punitive damages;

   iii. Cost of suit;

   iv.  Trial by jury as to all issues so triable; and

   v.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT, SCOTT J. ISRAEL, AS SHERIFF OF BROWARD COUNTY, FLORIDA

For his cause of action against Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, in Count V, Plaintiff states:

67. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 42.

68. The use of force by Defendant SEMINARIO towards Plaintiff was objectively unreasonable and unnecessary under the circumstances and resulted, as Defendant SEMINARIO reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

69. The battery/unnecessary use of force by Defendant SEMINARIO towards Plaintiff occurred during the course and scope of his employment as a deputy sheriff for Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

70. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

71. As a further direct and proximate result of the conduct of Defendant, SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

   i.   Judgment for compensatory damages in excess of $ 15,000 dollars;
   ii.  Cost of suit;
   iii. Trial by jury as to all issues so triable; and
   iv.  Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VI
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST
### DEFENDANT SEMINARIO, INDIVIDUALLY

For his cause of action against Defendant SEMINARIO, individually, in Count VI, Plaintiff states:

72. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 42.

73. The use of force by Defendant SEMINARIO towards Plaintiff was objectively

unreasonable and unnecessary under the circumstances and resulted, as Defendant SEMINARIO reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

74. Alternatively to the allegations set forth in Count V, if the battery/unnecessary use of force against Plaintiff by Defendant SEMINARIO, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant SEMINARIO in his individual capacity.

75. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

76. As a further direct and proximate result of the conduct of Defendant SEMINARIO, individually, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for punitive damages;

    iii.    Cost of suit;

    iv.    Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII
## BATTERY CLAIM AGAINST DEFENDANT SPIRIT AIRLINES, INC.

For his cause of action against Defendant SPIRIT AIRLINES in Count VII, Plaintiff states:

77. Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 42.

78. The conduct of Kurt Williams towards Plaintiff resulted in an intentional and unwanted touching of Plaintiff by Kurt Williams, against his will. The conduct of Kurt Williams constitutes battery under Florida law.

79. The battery of Plaintiff by Kurt Williams was committed in the course and scope of Kurt Williams' employment for Defendant SPIRIT AIRLINES.

80. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

81. As a further direct and proximate result of the conduct of Defendant SPIRIT AIRLINES, Plaintiff suffered mental anguish, aggravation of a pre-existing condition, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

  i. Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii. Judgment for punitive damages;

  iii. Cost of suit;

  iv. Trial by jury as to all issues so triable; and

  v. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII**
**MALICIOUS PROSECUTION AGAINST DEFENDANT SEMINARIO, INDIVIDUALLY**

For his cause of action against Defendant SEMINARIO, individually, in Count VIII, Plaintiff states:

82. Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 42.

83. No reasonably cautious police officer in the position of Defendant SEMINARIO would have concluded that Plaintiff was guilty-in-fact of any criminal offense.

84. Defendant SEMINARIO, individually, proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing a probable cause affidavit to be submitted to prosecuting authorities containing materially false statements and material omissions.

85. At all times material hereto, Defendant SEMINARIO knew that his probable cause affidavit would be submitted to prosecuting authorities and relied upon for the institution and continuation of criminal proceedings against Plaintiff.

86. The conduct of Defendant SEMINARIO, individually, was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified under the laws of the state of Florida.

87. The criminal proceedings instituted or continued by Defendant SEMINARIO reached a bona fide resolution in Plaintiff's favor.

88. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

89. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, mental anguish, physical

injury, medical care and treatment, aggravation of a preexisting condition, lost wages, lost earning capacity, and loss of capacity for the enjoyment of life.  As a result of the criminal proceedings commenced or continued by Defendant SEMINARIO, it was necessary for Plaintiff to retain the services of a criminal defense attorney to defend himself against the charges instituted or continued by Defendant SEMINARIO.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for punitive damages;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

90. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   24th   day of July, 2018.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:   (954) 522-1176
*Attorneys for Plaintiff Tyler Witt*