UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: CACE 18-cv-61716-BB

TYLER WITT,

        Plaintiff,

vs.

RODRIGO F. SEMINARIO,
SCOTT J. ISRAEL, Sheriff of Broward
County, and SPIRIT AIRLINES,
INC.

        Defendants.
_____/

### DEPUTY RODRIGO SEMINARO'S MOTION TO DISMISS COUNT II

COMES NOW, the Defendant, DEPUTY RODRIGO SEMINARO, by and through his undersigned attorneys and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and files this Motion to Dismiss Count II of the pending complaint [DE 1] and, in support thereof, states:

Count II attempts to state a claim for "First Amendment retaliation" against Deputy Seminaro pursuant to § 1983. Plaintiff claims that his arrest was "in retaliation" for his "protected speech and conduct." [DE 1, ¶ 48]. However, nowhere in the complaint does he explain what protected "speech" or "conduct" is at issue, or how it was causally related to his arrest.

As this Court is aware, the Plaintiff was arrested for disorderly intoxication at the Fort Lauderdale International Airport [DE 1, ¶ 30]. In the facts set forth in his complaint, the Plaintiff admits that he was approached by an employee of Spirit Airlines (Kurt Williams) and several Sheriff's deputies [DE 1, ¶¶ 20-27]. According to the Plaintiff, he can be seen on the

video surveillance "speaking in the direction of" Mr. Williams [DE 1, ¶26]. While he claims that Deputy Seminaro slammed him to the ground "in retaliation for Plaintiff's speech directed at Williams," [DE 1, ¶ 28], the Plaintiff never explains what his "protected" speech was.

A § 1983 claim for retaliation requires a plaintiff to establish that: (1) his speech was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Plaintiff's complaint must contain enough facts to state a claim or retaliation that is "plausible on its face." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

It is clear that the First Amendment does not protect all speech, and without factual detail about what the Plaintiff said and to whom it was directed, he has not stated a claim upon which relief can be granted (or one to which Deputy Seminaro can properly respond). As set forth by the United States Supreme Court, "the right of free speech is not absolute at all times and under all circumstances." *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571 (1942). Indeed, some categories of speech have never been thought to raise any constitutional problem, including speech that is lewd and obscene, profane, libelous or insulting or fighting words. *Id.* at 572. Such utterances are not deemed essential to the exposition of ideas, and are of such "slight social value" that any benefit to be derived from such speech is easily outweighed by the social interest in order and morality. *Id.*

Here, the Plaintiff has not suggested that he was engaged in "public expression of religion, politics or grievances, or that his arrest was in retaliation for any of these practices." Thus, "even assuming that his arrest was wrongful – in other words, effectuated without probable cause or

with excessive force – he is not protected by the First Amendment." *See, generally, Ramos v. City of Miami*, 115 F. Supp. 3d 1372 (S.D. Fla. 2015)(discussing pleading First Amendment retaliation claim in the context of freedom of association). Where the Plaintiff does not address the elements with specific allegations, but only proffers a legal conclusion, dismissal of the complaint is proper. *Id.* at 1374. Accordingly, the Plaintiff should be compelled to provide factual detail about his purportedly protected speech such that it properly states a claim.

Additionally, the Plaintiff has failed to properly show that his speech, even assuming it to be protected, was a substantial or motivating factor in the decision to arrest him in this case. In doing so, a plaintiff must "do more than make 'general attacks' upon a defendant's motivations and must articulate 'affirmative evidence' of retaliation to prove the requisite motive." *Colquitt v. Anderson*, 2008 WL 4097715 (M.D. Fla. Sept. 2, 2008)(quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)).

WHEREFORE, the Defendant, RODRIGO SEMINARO, respectfully requests that this Court dismiss Count II of the Complaint based on the Plaintiff's failure to properly assert a claim for First Amendment retaliation under § 1983, and for such other and further relief as this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but

has been unable to do so.

Dated: September 25, 2018　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Kenneth J. Miller
　　　　　　　　　　　　　　　　　　KENNETH J. MILLER
　　　　　　　　　　　　　　　　　　FBN: 865583
　　　　　　　　　　　　　　　　　　Email: Service@hpslegal.com
　　　　　　　　　　　　　　　　　　HALICZER PETTIS & SCHWAMM, P.A.
　　　　　　　　　　　　　　　　　　One Financial Plaza, Seventh Floor
　　　　　　　　　　　　　　　　　　100 SE 3rd Avenue
　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33394
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Israel*
　　　　　　　　　　　　　　　　　　Telephone: 954-523-9922
　　　　　　　　　　　　　　　　　　Facsimile: 954-522-2512

## Certificate of Service

I HEREBY CERTIFY that on the 25th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　/s/ Kenneth J. Miller
　　　　　　　　　　　　　　　　　　KENNETH J. MILLER

## MAILING LIST
## CASE NO: CACE 18-cv-61716-BB

Hugh Koerner, Esq.
Hugh L. Koerner, PA
Sheridan Executive Centre
3475 Sheridan Street - #208
Hollywood, FL   33021
*Attorneys for Plaintiff*
954-522-1235
954-522-1176– FAX

E-MAIL DESIGNATION:   hlklaw@hughkoerner.com