UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61716-BLOOM/Valle

TYLER WITT,

    Plaintiff,
vs.

RODRIGO F. SEMINARIO,
SCOTT J. ISRAEL, Sheriff of Broward
County, and SPIRIT AIRLINES,
INC.

    Defendants,
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant Rodrigo F. Seminario's ("Deputy Seminario") Motion to Dismiss Count II of the Complaint (the "Motion"). ECF No. [17]. The Court has reviewed the Motion, the opposing and supporting filings, the record and is otherwise duly advised. For the reasons that follow Defendant's Motion is granted.

## I. BACKGROUND

On October 26, 2017, Plaintiff, Tyler Witt ("Plaintiff" or "Witt") traveled to Fort Lauderdale-Hollywood, Florida. ECF No. [1], at ¶ 9. Plaintiff was booked on a flight with Defendant, Spirit Airlines, ("Defendant" or "Spirit") at Fort Lauderdale-Hollywood Airport. *Id.* at ¶ 10. Plaintiff arrived at the airport early prior to his scheduled departure. *Id.* at ¶ 12. Plaintiff proceeded to one of the restaurants located within the terminal. *Id.* at ¶ 13. While at the restaurant, Plaintiff alleges he ordered two glasses of wine and chicken wings with celery sticks and carrots. *Id.* at ¶ 14. Plaintiff finished his meal shortly before he heard Spirit's announcement that Plaintiff's flight was preparing for boarding. *Id.* at ¶ 15. As Plaintiff was

walking toward the gate for boarding he was approached by Spirit employee Kurt Williams ( "Williams"). *Id.* at ¶ 19. Williams told Plaintiff "You are not flying anywhere today!" *Id.* at ¶ 20. Plaintiff responded "Excuse me?" *Id.* Plaintiff alleges that Williams then grabbed Plaintiff by his left bicep, without his permission or consent. *Id.* at ¶ 21. Plaintiff sternly responded by saying, "Get your hand off me!" *Id.* at ¶ 22. Plaintiff was subsequently escorted out from the gate area past the security checkpoint and led down to the baggage claim. *Id.* at ¶ 23. Once in the baggage claim area, Plaintiff's interaction with law enforcement was caught on surveillance videotape. *Id.* at ¶ 24. The videotape has no audio. *Id.* On the video surveillance, Plaintiff is allegedly seen surrounded by deputy sheriffs from the Broward County Sheriff's Office and Williams. *Id.* Plaintiff claims that he remained with the deputies during this time. *Id.* at ¶ 28. Once Williams walked away, and "in retaliation for Plaintiff's speech directed at Williams," Deputy Seminario is allegedly observed on videotape swinging his arm across Plaintiff's neck and slamming him onto the ground. *Id.* at ¶ 28. Plaintiff claims he was knocked unconscious. *Id.* at ¶ 29. Plaintiff was then placed under arrest by Deputy Seminario for disorderly intoxication and was transported to Broward County Jail. *Id.* at ¶ 30. Plaintiff claims that at all times material, he was not drunk and was never offered a breath test. *Id.* at ¶ 31. Following his arrest, Plaintiff obtained a CT scan, which allegedly shows injury to Plaintiff's C4 and C5 vertebrates. *Id.* at ¶ 34. Deputy Seminario prepared a sworn complaint/arrest affidavit (the "Arrest Affidavit"). *Id.* at ¶ 35. In the Arrest Affidavit submitted by Deputy Seminario, he alleges that Plaintiff had "slurred speech." *Id.* at ¶ 37. Plaintiff, however, claims he was speaking in his normal voice. *Id.* The Arrest Affidavit also alleges that Plaintiff "was taken down to the ground" after Plaintiff approached Deputy Seminario "with his hands flaring in an obvious attempt to continue his belligerent behavior and disrupt all passenger and airline

activity." *Id.* at ¶ 39. Deputy Seminario reported that he was "in fear for my safety and of the passengers." *Id.* Plaintiff claims that the surveillance videotape shows that Plaintiff "was arrested in retaliation for his free speech [directed at] Williams." *Id.* at ¶ 39. Plaintiff claims that although he lost consciousness and sustained a clearly visible welt on the side of his forehead, the Plaintiff's injuries were "dismissed" in Deputy Seminario's police report "in an effort to cover up Defendant Seminario's unlawful and unconstitutional conduct towards Plaintiff." *Id.* at ¶ 40. During Plaintiff's criminal prosecution, the prosecuting authorities reviewed the surveillance videotape. *Id.* at ¶ 41. On June 20, 2016, all criminal charges against Plaintiff were *nolle prosequied*. *Id.* The Defendant now seeks to dismiss Plaintiff's claim in Count II for "first Amendment retaliation" under § 1983 because the Plaintiff fails to adequately allege the speech he claims was protected. The Plaintiff responds that the Complaint provides the Defendant fair warning of the allegations and, as such, is sufficient.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 dU.S. at 555. These

elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682).

**III. DISCUSSION**

Count II of Plaintiff's Complaint alleges a claim for First Amendment Retaliation against Deputy Seminario pursuant to § 1983. In his Motion, Deputy Seminario moves to dismiss Count II of Plaintiff's Complaint. He argues that Plaintiff has failed to plead a claim for First Amendment Retaliation as he has failed to identify the speech he is alleging is protected under the First Amendment, and because the Plaintiff has failed to demonstrate that the speech at issue is the cause for his arrest. ECF No. [17].

To plead a claim under § 1983, a "plaintiff must allege that a defendant, while acting under color of state law, deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution and laws" of the United States." *Ramos v. City of Miami*, 115 F. Supp. 3d 1372,

...

1373–74 (S.D. Fla. 2015); 42 U.S.C. § 1983. These rights and privileges must be pled in accordance with a specific constitutional right or provision. *See Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). The first inquiry into a § 1983 suit is "to isolate the precise constitutional violation with which [the defendant] is charged." *Baker v. McCollan,* 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979). Conclusory allegations that a defendant violated § 1983 or "infringed upon one's civil rights" are legally insufficient to state a claim upon which relief can be granted. *See Afkhami v. Carnival Corp.,* 305 F. Supp. 2d 1308, 1328 (S.D. Fla. 2004).

Plaintiff's allegations, as pled, do not demonstrate a First Amendment violation. Witt has not identified the speech he claims is protected under the First Amendment of the Constitution. The right to free speech is not absolute, as some categories of speech have never held the same kinds of free speech protections under the First Amendment. *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572 (1942) ("[T]he right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace."). "The elements of a First Amendment retaliation claim are that (1) the plaintiff engaged in speech or an act that was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech or act, and (3) there is a causal connection between the retaliatory actions and the adverse effect on the constitutionally-protected speech or act." *O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1370 (S.D. Fla. 2016) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)). Witt's First Amendment

Retaliation claim falls short because he does not specifically address these elements, and instead only proffers the legal conclusion that "Plaintiff was arrested in retaliation for his free speech." ECF No. [1], at 6. Therefore, the Court agrees with the Deputy Seminario that Witt has inadequately pled a claim for First Amendment Retaliation Claim pursuant to § 1983.

Even assuming that Witt's arrest was wrongful, effectuated without probable cause or with excessive force, without specifying what speech was at issue, First Amendment implications are not necessarily implicated. *See City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989). In essence, in asserting that he was unlawfully arrested, Witt may very well have a claim under § 1983 pursuant to his constitutional protections under the Fourth Amendment, but First Amendment protections are not implicated unless he adequately pleads as such. In order to prevail on a First Amendment claim under 42 U.S.C. § 1983, Witt will need to "demonstrate that his conduct; is deserving of First Amendment protection." *Rattner v. Netburn*, 930 F.2d 204, 208 (2d Cir. 1991) (quoting *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir.1 987)).

In Plaintiff's Response in Opposition to the Motion, he claims that he adequately pled a claim for First Amendment Retaliation because "[t]he logical inference is that if the allegations in Seminario's police report concerning why Plaintiff was arrested are false (and they are), and since Plaintiff did not move from the location where he was standing, the only possible explanation for Seminario's behavior was that he did not like Plaintiff's expressive conduct (i.e., the effeminate or dramatic or unusual manner in which Plaintiff flared his hands). ECF No. [22], at 7. However, all that is alleged in Plaintiff's Complaint, is the conclusory allegation that he was "arrested in retaliation for his free speech." ECF No. [1], at 6. Witt might very well have a

claim for First Amendment Retaliation under § 1983. However, as pled, Witt's allegations do not trigger First Amendment protection, and therefore his claim fails.

Additionally, Plaintiff has failed to properly show that his speech, even assuming it to be protected, was a substantial or motivating factor in the decision to arrest him in this case. A plaintiff must "do more than make 'general attacks' upon a defendant's motivations and must articulate 'affirmative evidence' of retaliation to prove the requisite motive." *Colquitt v. Anderson*, 2008 WL 4097715 (M.D. Fla. Sept. 2, 2008) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)). Where the Plaintiff does not address the elements with specific allegations, but only proffers a legal conclusion, dismissal of the complaint is proper. *Ramos v. City of Miami*, 115 F. Supp. 3d 1372, 1373-1374 (S.D. Fla. 2015). Accordingly, it is

**ORDERED** and **ADJUDGED** as follows:

1. Defendant Seminario's Motion to Dismiss, **ECF No. [17]**, is **GRANTED**.

2. Should he wish to do so, Plaintiff is permitted to file an Amended Complaint no later than **January 3, 2019**.

3. Defendant Seminario has already filed an Answer to the remainder of Plaintiff's claims. *See* ECF No. [16]. Accordingly, if the Plaintiff files an Amendment Complaint, Defendant shall respond to the Amended Complaint no later than **January 17, 2019.**

**DONE AND ORDERED** in Miami, Florida, this 26th day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record